### WILLIE FIELDER V. THE STATE.

No. 3840.  Decided November 24, 1915.

**1.—Carrying Pistol—Recognizance.**

Where, upon appeal from a conviction of unlawfully carrying a pistol, the record failed to disclose that appellant entered into a recognizance or that he is in jail pending the appeal, the same must be dismissed. Following Young v. State, 8 Texas Crim. App., 81, and other cases.

**2.—Same—Statement of Facts—Bills of Exception.**

Even if appellant had entered into a recognizance, or was in custody pending the appeal, the appeal would not avail appellant in the absence of a statement of facts and bills of exception.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. W. L. Crawford, Jr.

Appeal from a conviction of unlawfully carrying a pistol; penalty, one year confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.—Cited cases in the opinion.

PRENDERGAST, Presiding Judge.—Appellant was convicted for unlawfully carrying a pistol. He waived a jury, and the cause was tried before the court.

The record nowhere discloses that he entered into any recognizance, or that he is in jail, pending this appeal. The Assistant Attorney General's motion to dismiss the appeal, with the record as stated, must, therefore, be sustained. Young v. State, 8 Texas Crim. App., 81; Fatheree v. State, 23 Texas, 202.

However, even if the record had shown that he was in jail, or had duly entered into recognizance, his appeal would avail him nothing, for there is neither a bill of exceptions nor a statement of facts. In the absence of these, nothing is raised which could be reviewed anyway.

The appeal is dismissed.

*Dismissed.*